# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LISANDRA CASTRO-COLON**                                            **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:19-cv-77-KS-MTP**

**SAMUEL DEAN,** *et al.*                                               **DEFENDANTS**

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Defendant Merchants' Amended Answer [26] and Plaintiff's Motion to Strike Defendant Dean's Amended Answer [27]. Having reviewed the record in this matter and without addressing the particular grounds raised in Plaintiff's motions, the Court *sua sponte* finds the motions shall be granted for the sole reason that the record is devoid of any Order granting the Defendant's leave to file an amended pleading.[1]

The record shows that Plaintiff filed her Complaint in this matter on May 9, 2019 [1]. On July 26, 2019, both Defendants, Samuel Dean and The Merchants Company, filed their Answers to the Complaint [9, 10]. On October 17, 2019 both Defendants filed Amended Answers [22, 23].

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course within 21 days after serving it. *See* Fed. R. Civ. P. 15(a)(1)A. With the original Answers being filed on July 26, 2019, any amendment as a matter of course must have been filed by August 16, 2019. Rule 15 (a)(2) provides that "[i]n all other cases, a party may amend its

---

[1] The record in this matter speaks for itself, and given the clear requirements of Rule 15, the Court has granted the motions on objective grounds rather than await Defendants' response to Plaintiff's arguments regarding the standard under Rule 12(f), waiver, and improper pleading, which the Court finds superfluous.

pleading only with the opposing party's written consent or the court's leave." The record in this matter is devoid of any written consent from Plaintiff or any Order of the Court granting Defendants leave to file these amended pleadings. The Court does note that the Case Management Order entered on September 17, 2019 set an October 17, 2019 deadline for *motions to amend pleadings*. [17] at pp. 3-4. However, the documents Defendants filed on October 17, 2019 were not motions seeking leave to amend, but rather the amended pleadings themselves without prior authorization.

For this reason, it is hereby ORDERED that Plaintiff's Motions are granted in part in that the Amended Answers [22, 23] of both Defendants are stricken. Should Defendants choose to properly seek leave to amend, they are advised it is Federal Rule of Civil Procedure 16(b) that "governs amendment of pleadings after a scheduling order deadline has expired" and good cause must be shown. *Innova Hosp. San Antonio, Ltd. P'ship v. BlueCross and Blue Shield of GA Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

SO ORDERED AND ADJUDGED this 30th day of October 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE